Mark D. Sheridan (NJ Bar No. 039961999)
mark.sheridan@squirepb.com
Woli Urbe (NJ Bar No. 077132014)
woli.urbe@squirepb.com
Daniel C. Harkins (NJ Bar No. 313302022)
daniel.harkins@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
382 Springfield Avenue, Suite 300
Summit, NJ 07901
Telephone:   (973) 848-5600
Facsimile:   (973) 848-5601

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KURA SUSHI USA, INC., | Civil Action No.:_____ |
| *Plaintiff*, | |
| | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| KU RA SUSHI & RAMEN, | |
| *Defendant*. | |

Plaintiff Kura Sushi USA, Inc. ("Kura USA"), by and through its undersigned attorneys, for its Complaint against Defendant Ku Ra Sushi & Ramen ("KSR") avers as follows:

## I.  INTRODUCTION

1.      This action arises out of defendant KSR's improper use of the brands "KU RA" and "KURA" in connection with restaurant services and products,

specifically for a restaurant in Long Branch, New Jersey specializing in Japanese cuisine, such as sushi and ramen, and products branded as such.

2.    Kura USA has been operating restaurants in the United States under the name "Kura Revolving Sushi Bar" since 2017.  Kura USA is the exclusive licensee of the marks KURA SUSHI and KURA REVOLVING SUSHI BAR (the "KURA Brands"), which were registered with the United States Patent and Trademark Office by its licensor Kura Sushi, Inc. formerly known as Kura Corporation, Ltd. ("Kura Japan").

3.    Kura Japan has been operating restaurants in Japan and internationally under the KURA brand since 1995.  Kura USA and Kura Japan have made significant investments of time and capital in building the KURA brand both internationally and in the United States.

4.    KSR does business under the name "Ku Ra Sushi and Ramen," a name that is confusingly similar to the KURA Marks (defined below).  KSR not only does business under a confusingly similar name, it offers products under the KURA brand, which names are also confusingly similar to the KURA Marks.

5.    KSR competes directly with Kura USA for customers.

6.    Kura USA accordingly seeks relief from this Court, including an accounting, damages, recovery of its costs and attorneys' fees and an order enjoining KSR from using the phrases "Ku Ra" or "Kura" as part of its business

name or to advertise or market its services or products.

## II. PARTIES

7.      Kura USA is a Delaware corporation with its headquarters in Irvine, California.  Kura USA is publicly traded on Nasdaq under the symbol KRUS. Kura USA operates 76 restaurants in the United States under the KURA brand including locations in Fort Lee, Edison, Cherry Hill Township, Paramus and Jersey City, New Jersey.

8.      KSR is a business entity operating the restaurant named Ku Ra Sushi and Ramen in Long Branch, New Jersey.

## III. JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this case pursuant to (a) 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, and 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*; and (b) 28 U.S.C. § 1367(a), in that the state and common law claims asserted herein are so related to the claims under such trademark laws that they form part of the same case or controversy.

10.     This Court has personal jurisdiction over KSR because KSR offers restaurant services and products in this District under the brands KU RA or KURA, each of which infringe Plaintiff's rights in the KURA Marks.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that KSR is located in this District and a substantial part of the events giving rise to the

claims occurred in this District.

## IV. FACTS

12.    Kura Japan has been doing business under the KURA and KURA SUSHI brands in Japan since 1995 and is the owner of the following trademarks registered on the Principal Register with the United States Patent and Trademark Office (collectively, the "KURA Marks"):

| Mark | Registration Number |
|------|--------------------|
| KURA SUSHI | 5,460,596 |
|  | 5,557,000 |

13.    Pursuant to an August 5, 2019 Amended and Restated Exclusive License Agreement between Kura USA and Kura Japan, Kura USA is the exclusive licensee of the KURA Marks in the United States.  Kura USA opened its first restaurants in the United States in 2009 and opened its first Kura Revolving Sushi Bar restaurant in New Jersey in 2020.

14.    On information and belief, KSR began providing restaurant services in Long Branch, New Jersey under the name "Ku Ra Sushi and Ramen" sometime in late 2024.  On its online menu, KSR offers products for sale using the KURA brand, including products called "Fried Kura Roll," and "Kura King Ramen."

15.    The menu offered to customers at the restaurant features the phrase

"KURA" and is presented in Roman characters intended to mimic Japanese script as follows:



16.    Given the similarities between the KURA Marks and the brands KU RA and KURA used by KSR, customers are likely to be confused as to the origin of KSR's products or services or its affiliation or sponsorship with Kura USA and/or Kura Japan.  Moreover, evidence shows that consumers are actually confused about the connection between the parties.  For example, responding to criticism on Yelp, the purported owner of KSR "Jia You Z." stated, "I think you've mistaken us for Kura Revolving Sushi in Edison."

17.    On March 20, 2025, attorneys representing Kura USA demanded that KSR immediately cease and desist using the KURA and KU RA marks in connection with restaurant services or as the names for its products.  An attorney purporting to represent KSR responded to the letter, but, to date, KSR has continued to use the marks KU RA and KURA in connection with its products and services.

18.     Kura Japan's United States Trademark Registrations for the marks set forth in Paragraph 12 above are valid, subsisting and in full force and effect. Copies of the registration certificates for the KURA Marks are attached as Exhibits A and B.  Those registrations are *prima facie* evidence of the validity of the KURA Marks and of the Registrations, and of Kura Japan's ownership of those marks. Those registrations also constitute constructive notice of Kura Japan's claim of ownership of that mark under 15 U.S.C. § 1072.

19.     Due to Kura Japan's use of some or all of the KURA Marks in Japan and internationally since 1995 and Kura USA's use of some or all of the KURA Marks in the United States since 2009, the KURA Marks have acquired substantial and valuable goodwill.

20.     At all times relevant to this Complaint, KSR was, or should have been, aware of the existence of the KURA Marks, due, among other things, to Kura Japan's United States Trademark Registration for the KURA Marks described in Paragraph 12 above, Kura USA's use of the KURA Marks at sushi restaurants across the United States, including at least five restaurants in New Jersey, as well as Kura USA's extensive advertisements and marketing of restaurant services and products under the KURA Marks in the United States.

21.     Neither Kura USA nor Kura Japan has licensed or otherwise authorized KSR to use the KURA Marks or any term or mark that is similar to the

KURA Marks.

22.    KSR advertises and markets its products and services under the

KURA or KU RA brands to compete for customers or potential customers of Kura

USA.

23.    KSR's use of the KURA or KU RA marks was and is willful,

intentional, and in disregard of Kura USA's rights in the KURA Marks.

24.    The confusion caused by KSR's unauthorized use of the KURA

and/or KU RA brands has caused and will continue to cause irreparable damage to

Kura USA unless enjoined by this Court.

### FIRST CLAIM FOR RELIEF
### (Trademark Infringement - 15 U.S.C. § 1125(a)(1)(A))

25.    Kura USA repeats and realleges the allegations of Paragraphs 1

through 24 of this Complaint as if fully set forth herein.

26.    KSR's use of the brands KU RA and KURA in connection with its

products and services, including but not limited to, "Ku Ra Sushi and Ramen,"

"Fried Kura Roll," and "Kura King Ramen" has caused confusion and is likely to

continue to cause confusion or mistake among both actual and potential customers,

or to deceive both actual and potential customers, as to the origin, sponsorship, or

approval of KSR's products and services and/or KSR's commercial activities.

27.    KSR's use of the brands KU RA and KURA in connection with its

products and services is an intentional violation of Kura USA's rights to the

KURA Marks deliberately calculated to trade on the goodwill that Kura USA and Kura Japan have established in the KURA Marks.

28.    KSR's unauthorized use of the terms KU RA and KURA in connection with its products and services constitutes trademark infringement under Lanham Act Section 43(a)(1)(A).

29.    Kura USA has been damaged, and continues to be damaged, by KSR's acts of trademark infringement in an amount to be determined according to proof.

30.    As a result of the foregoing acts of infringement, Kura USA has suffered, and will continue to suffer, irreparable injury. Unless KSR is enjoined by this Court, KSR will continue to cause further damage and irreparable injury to Kura USA, its goodwill and reputation and the KURA Marks.

## SECOND CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

31.    Kura USA repeats and realleges the allegations of Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.    Kura USA uses the KURA Marks in commerce in connection with its 76 restaurants across the United States, including five restaurants in the State of New Jersey.  As such, Kura USA has acquired superior rights under the common law to use the KURA Marks in connection with restaurants and food products at least in the locations where it does business.

33.     KSR's use of the brands KU RA and KURA in connection with its products and services, including but not limited to, "Ku Ra Sushi and Ramen," "Fried Kura Roll," and "Kura King Ramen" is likely to cause confusion, or to cause mistake, or to deceive customers, potential customers or other members of the relevant consuming public that Kura USA or Kura Japan are the source, origin or sponsor of KSR's good and services.

34.     KSR's use of the brands KU RA and KURA in connection with its products and services constitutes trademark infringement under common law.  By such usage, KSR is trading on Kura USA's goodwill and reputation and is misappropriating the benefits of the effort and money invested by Kura USA in acquiring and establishing its rights in the KURA Marks.

35.     Kura USA has been damaged, and continues to be damaged, by KSR's acts of trademark infringement in an amount to be determined according to proof.

36.     As a result of the foregoing acts of infringement, Kura USA has suffered, and will continue to suffer, irreparable injury. Unless KSR is enjoined by this Court, KSR will continue to cause further damage and irreparable injury to Kura USA, its goodwill and reputation and the KURA Marks.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition -New Jersey Fair Trade Act, N.J.S.A. § 56:4-1)

37.     Kura USA repeats and realleges the allegations of Paragraphs 1

through 36 of this Complaint as if fully set forth herein.

38.     KSR's use of the brands KU RA and KURA in connection with its products and services, including but not limited to, "Ku Ra Sushi and Ramen," "Fried Kura Roll," and "Kura King Ramen" are likely to cause confusion or mistake, or to deceive consumers in the State of New Jersey as to an affiliation with Kura USA and/or Kura Japan or the origin of its goods and services.  As such, these actions constitute a false designation of origin and unfair competition by KSR in violation of the New Jersey Fair Trade Act, N.J.S.A. § 56:4-1.

39.     Kura USA has been damaged, and continues to be damaged, by KSR's false designation and unfair competition in an amount to be determined according to proof.

40.     As a result of the foregoing acts of infringement, Kura USA has suffered, and will continue to suffer, irreparable injury. Unless KSR is enjoined by this Court, KSR will continue to cause further damage and irreparable injury to Kura USA, its goodwill and reputation and the KURA Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Kura USA respectfully prays as follows:

1.     That Kura USA have judgment against KSR on each of its causes of action and that the following relief be ordered in connection therewith:

(a)     That this Court declare that KSR has no right to make any

commercial use the terms KU RA or KURA, in any form, whether alone or in combination with other words, designs or symbols, including, but not limited to, "Ku Ra Sushi and Ramen," "Fried Kura Roll," or "Kura King Ramen" anywhere within the United States;

(b)     That KSR and all persons in active concert or participation with it, pursuant to 15 U.S.C. § 1116 and N.J.S.A. § 56:4-2, be preliminarily and permanently enjoined and restrained from making any commercial use of the terms KU RA or KURA in any form, whether alone or in combination with other words, designs or symbols, including, but not limited to, the terms "Ku Ra Sushi and Ramen," "Fried Kura Roll," and "Kura King Ramen" in connection with its products and services;

(c)     That KSR be ordered to pay to Kura USA damages in an amount to be determined according to proof, representing damages arising from KSR's acts of trademark infringement, false designation of origin and unfair competition, and that the award of damages attributable to Federal trademark infringement and false designation of origin and New Jersey statutory unfair competition be trebled pursuant to 15 U.S.C. § 1117 and N.J.S.A. § 56:4-2; and

(d)     That this Court order KSR to account to Kura USA for, and that Kura USA recover from KSR, any and all profits derived by KSR from its use of the terms KU RA or KURA in connection with its business, whether alone or in

combination with other words, designs or symbols.

2.      That Kura USA have judgment against KSR for interest, costs, disbursements and all expenses, including fees and compensation of its attorneys, incurred in connection with this action, pursuant to 15 U.S.C. § 1117.

3.      That Kura USA have such other, further and different relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Kura Sushi demands a trial by jury on all claims as to which a jury trial may be had.


Dated: May 23, 2025

SQUIRE PATTON BOGGS (US) LLP


*/s/ Daniel C. Harkins*
Mark D. Sheridan (NJ Bar No. 039961999)
Woli Urbe (NJ Bar No. 077132014)
Daniel C. Harkins (NJ Bar No. 313302022)
382 Springfield Avenue, Suite 300
Summit, NJ 07901
Telephone:   (973) 848-5600
Facsimile:   (973) 848-5601

*Attorneys for Plaintiff*
*Kura Sushi USA, Inc.*