NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KURA SUSHI USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KU RA SUSHI & RAMEN,<br><br>Defendant. | Civil Action No. 25-5398 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Kura Sushi USA, Inc.'s ("Plaintiff") unopposed Motion for Default Judgment (the "Motion") against Defendant Ku Ra Sushi & Ramen ("Defendant"). (ECF No. 12.) The Court has carefully considered Plaintiff's submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons discussed below, the Court denies the Motion.

I.    **BACKGROUND**[1]

A.    **Factual History**

This action arises out of Plaintiff's claims that Defendant is improperly using the marks "KU RA" and "KURA" "in connection with restaurant services and products, specifically for a

---

[1] For the purposes of this unopposed Motion, "the factual allegations of the [C]omplaint, except those relating to the amount of damages, will be taken as true." *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

restaurant in Long Branch, New Jersey[,] specializing in Japanese cuisine, such as sushi and ramen, and products branded as such." (Compl. ¶ 1, ECF No. 1.)

Plaintiff is a Delaware corporation with its headquarters in Irvine, California. (*Id.* ¶ 7.) Plaintiff opened its first restaurant in the United States in 2009 and its first in New Jersey in 2020. (*Id.* ¶ 13.) Plaintiff has a total of seventy-six restaurants across the United States, including five in New Jersey. (*Id.* ¶ 32.) Since 2017, Plaintiff has been operating restaurants in the United States under the name "Kura Revolving Sushi Bar." (*Id.* ¶ 2.)

Kura Sushi, Inc., formerly known as Kura Corporation, Ltd. ("Kura Japan"), has operated restaurants in Japan and internationally since 1995. (*Id.* ¶¶ 2, 3.) In 2018, Kura Japan registered two trademarks: (1) KURA SUSHI (Registration No. 5,460,596); and (2) KURA REVOLVING SUSHI BAR (Registration No. 5,557,000) (together, the "KURA Marks"). (*Id.* ¶¶ 2, 12; Ex. A to Compl., ECF No. 1-1; Ex. B to Compl., ECF No. 1-2.) On August 5, 2019, Plaintiff signed an agreement with Kura Japan to become the exclusive licensee of the KURA Marks in the United States. (Compl. ¶¶ 13, 21.)

Sometime in late 2024, Defendant opened a restaurant named Ku Ra Sushi and Ramen in Long Branch, New Jersey. (*Id.* ¶¶ 8, 14.) Its menu features the name "Ku Ra Sushi [&] Ramen" in stylized characters that "are intended to mimic Japanese script" and includes products containing the name "Kura," such as the "Fried Kura Roll" and "Kura King Ramen." (*Id.* ¶¶ 14, 15.) Plaintiff claims that "[g]iven the similarities between the KURA Marks and the brands KU RA and KURA used by [Defendant], customers are likely to be confused as to the origin of [Defendant's] products or services or its affiliation or sponsorship with [Plaintiff] and/or Kura Japan." (*Id.* ¶ 16.)

In light of this potential for confusion, on March 20, 2025, Plaintiff's attorneys sent correspondence to Defendant demanding that Defendant "immediately cease and desist using the

2

KURA and KU RA marks in connection with restaurant services or as the names for its products." (*Id.* ¶ 17.) An attorney purporting to represent Defendant responded, but Defendant had not stopped using the KU RA and KURA marks as of the time Plaintiff brought this action. (*Id.*)

### B.    Procedural History

Plaintiff brought this action on May 23, 2025, alleging three causes of action against Defendant: (1) trademark infringement under 15 U.S.C. § 1125(a)(1)(A); (2) common law trademark infringement; and (3) unfair competition under the New Jersey Fair Trade Act, N.J.S.A. § 56:4-1 (the "NJFTA"). (*Id.* ¶¶ 25-40.) Six days later, Plaintiff served copies of the Summons and Complaint on "TIM DOE REFUSED TO PROVIDE HIS LAST NAME" who was noted as a "PERSON AUTHORIZED TO ACCEPT SERVICE" at 82 Montgomery Avenue, Long Branch, New Jersey, the purported place of business of Defendant. (Acknowledgment of Service, ECF No. 9.) Defendant has not pled or otherwise defended itself, and no appearances have been made on its behalf. After the time for Defendant to file an answer or otherwise respond passed, Plaintiff requested that the Clerk of Court enter a Clerk's default against Defendant. (Request for Default, ECF No. 10.) The Clerk of Court entered a Clerk's default against Defendant on July 2, 2025, and thereafter Plaintiff moved for default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2). (Mot. for Default J., ECF No. 12.)

On December 1, 2025, this Court entered an Order administratively terminating the Motion and requiring Plaintiff to "e-file correspondence providing evidence or otherwise alleging facts to show that the trademark owner conferred on Plaintiff the right to bring this suit to enforce the marks." (Dec. 1, 2025, Order, ECF No. 14.) On December 3, 2025, Plaintiff responded to the Court's Order providing additional information regarding the rights conferred on Plaintiff pursuant

to the agreement between Plaintiff and Kura Japan.[2] (*See generally* Pl.'s Dec. 3, 2025, Correspondence, ECF No. 15.) Thereafter, this Court reinstated the Motion. (*See* Dec. 15, 2025, Text Order, ECF No. 17.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55[3] authorizes a court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2); *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Because entry of default judgment does not resolve a plaintiff's claims on the merits, it is a disfavored remedy. *See Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Three analyses guide the Court's discretion. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). *First*, where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *Second*, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action."

---

[2] The Court notes that Plaintiff needed to provide this information for the Court to evaluate whether Plaintiff has a right to bring this action seeking to enforce the trademarks at issue given that Plaintiff is a licensee (and not the owner) of the KURA Marks. *See Where to Buy, LLC v. Datasembly, Inc.*, No. 22-6664, 2023 WL 5311219, at *6 (D.N.J. Aug. 17, 2023) (discussing dispute regarding whether a "licensee but not owner of the mark, has a right to bring its trademark infringement and unfair competition claims"). Plaintiff did provide evidence that the agreement it has with Kura Japan confers on Plaintiff the right to enforce the trademarks at issue. (*See generally* Ex. A to Response to Order, ECF No. 15-1.)

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

4

*Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). In conducting that assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc.*, 431 F.3d at 165 n.6 (citing *Comdyne I, Inc.*, 908 F.2d at 1149). *Third*, the Court must determine whether default judgment is appropriate by weighing three factors: "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

## III.    DISCUSSION

As a threshold issue, the Court must examine whether Defendant was properly served in this matter. *See Sherman v. Royal Pro Heating & Cooling LLC*, No. 23-2075, 2024 WL 5118426, at *2 (D.N.J. Dec. 16, 2024). This is because "[a] court may only enter default judgment against defendants who were properly served." *Ratchford v. Foxtails Lounge*, No. 22-1802, 2023 WL 7019274, at *2 (D.N.J. Oct. 24, 2023) (citing *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011)). The plaintiff "asserting the validity of service bears the burden of proof on that issue." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). The plaintiff can meet this burden "by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019) (citation omitted).

5

Rule 4 sets forth how a corporation, partnership, or association defendant[4] may be served with process. Fed. R. Civ. P. 4. When located in the United States, an entity defendant such as a corporation or limited liability company, may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporate defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). As is relevant here, New Jersey Court Rule 4:4-4(a)(6) provides for service on a corporate defendant by way of "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof[.]" N.J. Ct. R. 4:4-4(a)(6). New Jersey law further provides, however, that if service cannot be accomplished on any of those persons identified, then service can be made "on a person at the principal place of business of the corporation in this State in charge thereof[.]" *Id.*

Here, Plaintiff provided to the Court a notarized "Acknowledgment of Service" that indicated that the Summons and Complaint, Prayer for Relief, and Exhibits were served by a process server on "TIM DOE REFUSED TO PROVIDE HIS LAST NAME" on May 29, 2025, at 82 Montgomery Avenue, Long Branch, New Jersey 07740. (Acknowledgment of Service.) The document indicated that the individual served was a "PERSON AUTHORIZED TO ACCEPT SERVICE." (*Id.*) In its Motion, Plaintiff only vaguely, and in a conclusory fashion, argues that service was proper because "true and correct copies of the Summons and Complaint were

---

[4] The Court notes that Plaintiff alleges that Defendant is "a business entity operating the restaurant named Ku Ra Sushi and Ramen" but does not otherwise allege facts regarding the corporate structure of Defendant. (Compl. ¶ 8.)

6

personally served on Defendant . . . on May 29, 2025, at 82 Montgomery Avenue, Long Branch, NJ 07740." (Pl.'s Moving Br. 7, ECF No. 12-2 (citing P. Erian Aff. ¶ 4, ECF No. 11).)

The Court, however, is not satisfied that Plaintiff has properly served Defendant under the applicable Rules or New Jersey Court Rules. Although the process server noted that the individual served was a "PERSON AUTHORIZED TO ACCEPT SERVICE," the proof of service does not otherwise provide information regarding the relationship of "TIM DOE" and Defendant. (*See* Acknowledgment of Service.) Moreover, Plaintiff provides no information or argument about: (1) who was served, including information about the last name of "TIM DOE"; (2) the relationship between the individual and Defendant; or (3) any failed attempts to serve "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law" of Defendant. (*See generally* Moving Br.; Compl.); N.J. Ct. R. 4:4-4(a)(6). Without more, the Court cannot conclude that Plaintiff met its burden in establishing that service was proper. *See, e.g.*, *Sherman*, 2024 WL 5118426, at *2 (finding that "[t]he Court is not satisfied that [p]laintiff properly served [d]efendant" where "[a]lthough the process server noted that Sharon [the individual served] 'identified themselves as the person authorized to accept with identity confirmed by subject stating their name,' the proof of service does not otherwise identify Sharon's last name or her relationship with the corporate [d]efendant"); *Ratchford*, 2023 WL 7019274, at *3 ("Plaintiffs make no suggestion and offer no evidence that the 'Jane Doe' . . . in the Affidavit of Service was 'an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process'" but "[e]ven assuming *arguendo* that the 'Jane Doe' was employed by [d]efendant, this would not be enough, standing alone, to establish her authorization."); *Manning v. Willingboro Chicken LLC*, No. 21-542, 2021 WL 4391282, at *3 (W.D. Pa. Sep. 24, 2021) (finding service was improper where the certificate of service specified that "John Doe, [was

7

served] on behalf of said [c]orporation" where John Doe was "described as a person 'WHO REFUSED TO GIVE NAME, PERSON AUTHORIZED TO ACCEPT, who accepted service [via] direct delivery, [and who was] a Middle Eastern male with an accent'" because the statement on the certificate of service "did not name the person and did not appropriately identify the person's authority to accept service and their role within the [d]efendant's corporation").

## IV.    CONCLUSION

For the reasons set forth above, and because default judgment is a disfavored remedy, *see Loc. 365 Pension Fund*, 2021 WL 1976700, at *2, Plaintiff's Motion is denied.[5] The Court will issue an Order consistent with this Memorandum Opinion.

Dated: 7/6/2026

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] The Court will, however, permit Plaintiff to either: (1) renew the Motion detailing how service was proper pursuant to the Rules and New Jersey Court Rules; or (2) re-execute service of process on Defendant by alternative means permitted.

8